No. 82,703

In the Matter of DAVID LYNN NELSON, *Respondent.*
(982 P.2d 983)

Opinion filed July 9, 1999.

*Edwin A. Van Petten*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*David Lynn Nelson*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator's office against David Lynn Nelson, of Wichita, an attorney admitted to the practice of law in Kansas.

A formal complaint was filed against respondent on February 12, 1999, alleging a violation of KRPC 1.3 (1998 Kan. Ct. R. Annot. 288) (diligence).

A formal hearing was held before a panel of the Kansas Board for Discipline of Attorneys, and respondent appeared in person. The Disciplinary Administrator appeared by Edwin A. Van Petten, deputy disciplinary administrator. Respondent acknowledged that he did not file an answer to the formal complaint and admitted the allegations in the complaint and the violation of KRPC 1.3.

The disciplinary panel found the following facts were established by clear and convincing evidence:

"2. On June 13, 1994, Respondent entered his appearance as attorney of record for Lucky 7 Pawn Shop, Inc. ('Lucky Seven') in litigation then pending in the Sedgwick County District Court, case captioned, *Lucky 7 Pawn Shop, Inc. v. Jessie J. and Gloria A. Jack, Affordable Autos, Inc. & a 1998 Oldsmobile (VIN #1G3CW6930F4359510)*, Case No. 94C1032 (the 'Case').

"3. Judgment was entered against Respondent's client, Lucky 7, on December 7, 1994 (the Journal Entry of Judgment was filed January 20, 1995). Respondent's Motion for New Trial was overruled.

"4. By letter dated January 14, 1995, Respondent advised Lucky 7 of the status of the case—of the intended appeal and the need for an appellate bond. The letter also included a billing statement for a 'Retainer on Appeal of Affordable Autos case.' The amount billed was $500, which was subsequently reduced to $250, and that amount, together with $66.50 in court costs, was paid by Lucky 7.

"5. On January 31, 1995, Respondent timely filed a Notice of Appeal on behalf of Lucky 7 in the Case.

"6. Even though Respondent requested and received the approval of appellee's counsel to docket the appeal out of time, Respondent failed to thereafter file a Docketing Statement (although he produced an unfiled one at the hearing [Respondent Exhibit 3]). With this single exception, [R]espondent took no other action to prosecute the appeal.

"7. On September 19, 1995, a Satisfaction of Judgment as to Lucky 7 and the Jacksons was filed.

"8. Respondent has not returned any part of the appellate retainer he received from Lucky 7, because he has not yet finalized his billings for this client and because Lucky 7 is indebted to him for services rendered to it on other matters.

". . . Respondent admitted that he had made an 'honest mistake' by neglecting this matter, which he attributed his then-pending divorce and an ineffective calendaring system. To his credit, Respondent acknowledged that this ethical complaint served as a 'wake up call,' and he has now taken steps to prevent such a failure from happening again."

## The panel then concluded:

"Based upon the stipulations of the parties and the facts set forth above, the Panel agrees with Respondent and the Disciplinary Administrator. Respondent has violated [KRPC] 1.3. By failing to file the Docketing Statement and otherwise prosecute the appeal, Respondent has failed to act with reasonable diligence and promptness with respect to a matter entrusted to him."

The panel found as aggravating factors that respondent "has received three (3) prior informal admonitions of fairly recent vintage, two of which were also for violations of [KRPC] 1.3" and that respondent has "been practicing law for a number of years, and should have, prior to receiving his 'wake up call,' devised a system which properly alerted him to upcoming deadlines." As for mitigating factors, the panel found that respondent's "failure to pursue the appeal was not based upon any self-interest on his part" and that respondent "cooperated fully at the hearing and freely acknowledged his transgression."

The panel recommended that respondent be publicly censured and that he be required to refund to Lucky 7 the retainer and court costs totaling $316.50.

Respondent filed no exceptions to the report and urges this court to discipline him by private rather than published censure. The court, having considered the record and report of the panel, ac-

cepts and concurs in the findings, conclusions, and recommendation of the hearing panel.

IT IS THEREFORE ORDERED that David Lynn Nelson be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (1998 Kan. Ct. R. Annot. 210) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that respondent shall refund to Lucky 7 the sum of $316.50.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.